Mr. Chief .Justice McWilliams
delivered the opinion of the Court.
Mr. H. Earl Moyer, Jr., attorney of the Court, was called before the Bar and thus addressed by Mr. Chief Justice McWilliams:
Mr. H. Earl Moyer, Jr., you stand here before this Hon *344 orable Court in connection with a formal complaint filed with this Court wherein you were charged with professional conduct contrary to the highest standards of honesty, justice and morality. The complaint was brought by the Attorney General and concerned your business relationships with one Nora Bloom. The gist of the complaint was that in your business relationships with Nora Bloom there was an overreaching on your part and a breach of the fiduciary duty owed her by you.
Your answer to the complaint was a general denial of wrongdoing on your part. Thereafter our Grievance Committee held a full hearing on the issues framed by the complaint and answer and that Committee has now-filed with us its report on the matter, including its findings, conclusions and recommendation as concerns disciplinary action. You were yourself served with a copy of this report of the Grievance Committee and in response thereto you have elected to file no exceptions.
From the report of the Grievance Committee we note that sometime in 1964 you represented Mrs. Bloom and obtained for her a decree in divorce. Apparently at or about this time you and Mrs. Bloom had some conversation wherein she reportedly indicated an interest in investing some money and you advised her that if something along this line should come along, you would let her know.
In any event, sometime during the summer of 1965 Mrs. Bloom received $15,000 as partial payment on a property settlement agreement and very shortly thereafter you contacted her, a fact which we emphasize by repetition, you contacted her for the purpose of persuading her to invest some money in Cameo Estates, Inc., a family owned corporation engaged in subdivision development of which you were the president. You eventually did succeed in interesting Mrs. Bloom in acquiring an interest in Cameo Estates, Inc., to the end that she bought 10,000 shares of stock — which was intended to represent 25% of the stock in that Company — for $7,000.
*345 The precise nature of your relationship with Mrs. Bloom when you obtained this $7,000 and the representations made by you to induce her to part company with that sum were disputed matters. However, based on the evidence adduced at the hearing our Grievance Committee found that a fiduciary relationship did in fact exist between you and Mrs. Bloom at the time when she invested $7,000 in Cameo Estates,' Inc. The Grievance Committee noted that within a comparatively short time after Mrs. Bloom’s $7,000 went into the treasury of Cameo Estates, Inc., you caused to be withdrawn therefrom the approximate sum of $12,750, such withdrawals being in the form of checks of the company made payable to you. The Grievance Committee found that $7,000 of the withdrawals might have been proper for the purpose of equalizing capital investments. However, as to the remaining $5,750 of the withdrawals from Cameo Estates, Inc., the Grievance Committee concluded that if such “was not conclusive proof of misuse of funds, certainly [it] shows a breach of fiduciary duty.”
With these several findings and conclusions of our Grievance Committee we concur, and we do hereby approve and adopt them as our own. Most certainly in your various dealings with Mrs. Bloom leading up to her decision to invest money in Cameo Estates, Inc. there was much less than full and frank disclosure on your part. There were inducements made by you which were at the best misleading and certainly did not square with subsequent events. And as a result of your importuning Mrs. Bloom has now apparently lost her entire investment, inasmuch as Cameo Estates, Inc. has in the meantime failed and become defunct. Accordingly, we concur in the conclusion reached by our Grievance Committee and we do hereby find that your actions were indeed contrary to the highest standards of professional conduct as concerns honesty, justice and morality.
As concerns the proper disciplinary action in your case, the Grievance Committee has recommended a public *346 censure. We concur in that recommendation. Accordingly, we do here and now publicly censure and reprimand you for your misconduct. Your actions have brought dishonor upon you as an individual and at the same time they have also tended to discredit and downgrade the profession as a whole. Certainly because of the history and nature of your relationship with Nora Bloom, this was a situation which indeed called for the truth, the whole truth and nothing but the truth. In other words, a full disclosure was called for, and this you did not make. On the contrary, you led Mrs. Bloom on with statements designed to induce her to invest $7,000 in a company which apparently even at that time was in a somewhat shaky financial position. For all of these reasons, then, you are formally reprimanded with the warning that other instances of misconduct on your part may well result in disciplinary action even more drastic than a public censure.
The costs attendant to the hearing before our Grievance Committee which was rendered necessary by the charges filed against you are in the amount of $40, and you are ordered to pay that sum to the clerk of this Court within fifteen days.